**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ALICE R.,[1] | : | Case No. 2:22-cv-2218 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

This case is before the Court upon Plaintiff's Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. #18).

Plaintiff's Motion seeks an award of attorney fees under 42 U.S.C. § 406(b)(1) in the total amount of "$22,264.00, less the EAJA fee previously awarded of $4,025.00, for a *net* § 406(b) fee of $18,239.00." (Doc. #18, *PageID* #1366). Plaintiff's counsel indicates in his motion that he emailed a copy of his motion to counsel for the Commissioner, and Commissioner's counsel responded that the Commissioner neither supports or opposes Plaintiff's award of attorney fees or Plaintiff's requested amount. *Id*. at 1368. However, Commissioner's counsel related that the proposed fee would be "in accordance with agency policy" and allowed Plaintiff's counsel to style his motion as unopposed. *Id*.

In Social Security cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* U.S.C. §§ 406(b)(1), 1383(d)(2).

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. See also S.D. Ohio General Rule 22-01.

However, such fees may not exceed 25% of the past-due benefits which the [Plaintiff] receives as a result of the appeal. *Id*. Furthermore, the attorney requesting a fee award must show, and the Court must affirmatively find, that the contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S., at 807. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, Plaintiff's counsel indicates that he spent a total of 32.5 hours representing Plaintiff before this Court. (Doc. #18, *PageID* #1367). Plaintiff's counsel requested a fee of $22,264.00.[2] *Id*. at 1368. Plaintiff's counsel indicates that once the fee is divided by the attorney hours, the hypothetical hourly rate is $685.05, a rate the Commissioner has not opposed. *Id*.

Plaintiff's counsel did not provide his standard hourly rate. In the absence of counsel's standard hourly rate, judges within this district have assessed whether the hypothetical hourly rate falls within a range of rates previously found reasonable. *See Joseph F. v. Comm'r of Soc. Sec.,* No. 1:17-CV-57, 2024 WL 1477384, at *3 (S.D. Ohio Apr. 5, 2024) (Litkovitz, M.J.), *report and recommendation adopted*, 2024 WL 1719595 (S.D. Ohio Apr. 22, 2024) (Barrett, D.J.); *Lee v. Comm'r of Soc. Sec.*, No. 3:14-CV-291, 2018 WL 2999909, at *4 (S.D. Ohio June 15, 2018) (Rice, D.J.). Counsel's hypothetical hourly rate of $685.05 fits comfortably within the range of fees that judges in this district have found reasonable. *See Goffe v. Comm'r of Soc. Sec.*, No. 3:18-CV-115, 2021 WL 4901503, at *2 n.1 (S.D. Ohio Oct. 21, 2021) (Ovington, M.J.) ($511.01, $660.70, $681.82, or $763.36 hypothetical hourly rates were all reasonable); *Benita R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-55, 2022 WL 2133746, at *2 (S.D. Ohio June 14, 2022) (Litkovitz, M.J.) ($753.62 hypothetical hourly rate). Moreover, the time devoted by Plaintiff's counsel to this matter is likewise reasonable. *See, e.g., Spiller v. Comm'r of Soc. Sec.*, 940 F.Supp. 2d 647, 652 (S.D. Ohio 2013) (Newman, M.J.), *report and recommendation adopted,* 940 F.Supp. 2d 647 (S.D. Ohio 2013) (Rice, D.J.). Counsel's requested fee is therefore reasonable.

**IT IS THEREFORE ORDERED THAT:**

---

[2] Plaintiff's counsel used the fee of $22,264.00 to calculate his hypothetical hourly rate. (Doc. #18, *PageID* #1368). However, Plaintiff's counsel, acknowledging that he would need to return the EAJA award of $4,025.00 if paid that full amount, proposes a net fee of $18,239.00 be paid to him.  *Id*. at 1367.

3

1.  The Motion for Attorney Fees filed by Plaintiff's counsel (Doc. #18) is **GRANTED**;

2.  Plaintiff's counsel shall be awarded attorney fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $22,264.00, reduced by the EAJA fee of $4,025.00, for a net total fee of $18,239.00;

3.  The remaining funds that the Commissioner has withheld from Plaintiff's past-due benefits in anticipation of a § 406(b) award should be released to Plaintiff; and

4.  The case remains terminated on the docket of this Court.


May 4, 2026                                              *s/Peter B. Silvain, Jr.*
                                                         Peter B. Silvain, Jr.
                                                         United States Magistrate Judge